JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE E. MCKNIGHT,<br><br>      Plaintiff,<br><br>  v.<br><br>POLICE DEPARTMENT, RIVERSIDE,<br><br>      Defendants. | Case No. 5:23-cv-01490-FLA (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT ORDER [DKT. 4]** |

1

**INTRODUCTION**

On July 26, 2023, Plaintiff, a pro se litigant, filed a Complaint and a request to proceed without prepayment of the filling fees. Dkt. 1-2. Plaintiff alleged mistreatment by the Riverside Police Department without pleading any specific facts regarding the conduct or events that form the basis for his claims. Dkt. 1.

On October 2, 2023, the court denied Plaintiff's request to proceed without prepaying fees or costs, after determining that the court lacks subject matter jurisdiction and Plaintiff failed to state a claim upon which relief may be granted. Dkt. 4 at 1. The court granted Plaintiff 30 days' leave to file an amended complaint and informed Plaintiff that failure to file an amended complaint timely would result in the dismissal of the action. *Id*.

Plaintiff's deadline to file an amended complaint expired on November 1, 2023. As of the date of this Order, which is four weeks after the deadline expired, Plaintiff has not filed an amended complaint or otherwise communicated with the court.

**DISCUSSION**

**A.  Legal Standard**

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to prosecute or to comply with the court's order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962). Specifically, a plaintiff's failure to comply with a district court's order to file an amended complaint is properly met with the sanction of dismissal under Rule 41(b). *Applied Underwriters, Inc., v. Lichtenegger*, 913 F.3d 884, 891 (9th Cir. 2019) (collecting cases). The sanction may be imposed when a plaintiff, "given the opportunity to amend or be dismissed, did *nothing*." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (emphasis in original).

Under Ninth Circuit authority, "for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

A district court's sanction of dismissal will generally be affirmed on appeal where four factors support dismissal or dismissal is supported strongly by at least three factors. *Hernandez*, 138 F.3d at 399. As discussed below, four of the five factors support dismissal here.

### B. Analysis

#### 1. The Public's Interest in Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Thus, the first factor supports dismissal.

#### 2. The Court's Need to Manage Its Docket

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants…." *Id.* Here, Plaintiff's failure to comply with or respond to the court's Order granting leave to amend interferes with the court's ability to manage its docket. *See also Irvin v. Madrid*, 749 F. App'x 546, 547 (9th Cir. 2019) ("The second factor also favors dismissal because the district court is in the best position to determine whether a particular set of circumstances interferes with docket management."). The second factor also supports dismissal.

#### 3. The Risk of Prejudice to Defendants

The risk of prejudice is "related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. The record suggests no apparent reason for Plaintiff's failure to comply with the court's Order or failure to

3

communicate with the court. The absence of any such reason indicates sufficient prejudice to Defendants. *See id*. at 991–92 (holding that a paltry excuse for default indicates sufficient prejudice to the defendants); *see also In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay). Thus, the third factor also supports dismissal.

### 4. The Public Policy Favoring Disposition of the Merits

The Ninth Circuit has stated "that the public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *Hernandez*, 138 F.3d at 399). On the other hand, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine*, 460 F.3d at 1228 (citations and quotation marks omitted). Thus, while the fourth factor weighs against dismissal, this factor is alone insufficient to preclude dismissal.

### 5. The Availability of Less Drastic Alternatives

In granting Plaintiff leave to file an amended complaint, the court warned Plaintiff that the failure to file an amended complaint would result in dismissal. *See In re Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Despite this warning, almost four weeks have elapsed since the deadline to file an amended complaint expired with no response from Plaintiff. Accordingly, the fifth factor supports dismissal. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (recognizing "the fact that the district court allowed [plaintiff] an additional thirty days to amend his complaint … constituted an attempt at a less drastic sanction than outright dismissal," and "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

### C. Conclusion

Four of the five factors support dismissal of the action for failure to comply with an Order of the court. Moreover, the severity of the sanction is lessened because the dismissal is without prejudice rather than with prejudice, thereby "giving the plaintiff an opportunity to return and prosecute his claims another day." *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) (explaining that dismissal without prejudice "is a more easily justified sanction"). In sum, the court finds dismissal without prejudice is warranted.

### **RULING**

For the aforementioned reasons, the court DISMISSES the action without prejudice. *See* Fed. R. Civ. P. 41(b); *Lichtenegger*, 913 F.3d at 891 (9th Cir. 2019) (recognizing courts may dismiss an action under Fed. R. Civ. P. 41(b) for plaintiff's failure to file an amended complaint when ordered to do so by the court).

IT IS SO ORDERED.

Dated: November 29, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge